

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MAURICE J. BECTON,

      Petitioner,

v.                                Civil Action No. **3:15CV512**

WARDEN ZOOK,

      Respondent.

### REPORT AND RECOMMENDATION

Maurice James Becton, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Becton raises the following claim for relief:[1]

> Claim One:   Counsel rendered ineffective assistance by "fail[ing] to adequately prepare defense witnesses for testimony before tak[ing] the stand." (§ 2254 Pet. 6.)[2]

Respondent moves to dismiss. Despite Respondent's provision of *Roseboro*[3] notice, Becton has not responded. For the reasons that follow, it is RECOMMENDED that the Motion to Dismiss (ECF No. 8) be GRANTED and the § 2254 Petition be DENIED.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for Becton's § 2254 Petition and Attachment. The correct corrects the capitalization, spelling, and punctuation in the quotations from Becton's submissions.

[2] Becton also initially states that counsel's actions violated his "'14' Amendment rights to due process and equal protection." (§ 2254 Pet. 6.) The Fourteenth Amendment states in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Becton fails to explain, and the Court fails to discern, how counsel, who was not a state actor, could violate his Fourteenth Amendment rights.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

A.     **Procedural History**

On June 17, 2011, the Circuit Court for the County of Amelia, Virginia ("Circuit Court")

convicted Becton of five counts of grand larceny and five counts of breaking and entering while

armed, for home break-ins that occurred on May 14, 2010; July 14, 2010; on or about July 16,

2010; and two on July 29, 2010. (ECF No. 10-1, at 4-8.)  The Court sentenced Becton to a total

of 220 years in prison with 208 of those years suspended.  (*Id.* at 8.)

Becton appealed.  On November 11, 2011, the Court of Appeals granted in part and

denied in part Becton's petition for appeal. *Becton v. Commonwealth*, No. 1123-11-2, at 1 (Va.

Ct. App. Nov. 22, 2011).  The Court of Appeals of Virginia aptly explained the evidence of

Becton's guilt as follows:

> Appellant argues the evidence was insufficient to sustain his convictions.
> He contends that the trial court erred in accepting the uncorroborated testimony of
> a convicted felon in finding the evidence sufficient beyond a reasonable doubt.
>> "Where the sufficiency of the evidence is challenged after
>> conviction, it is our duty to consider it in the light most favorable
>> to the Commonwealth and give it all reasonable inferences fairly
>> deducible therefrom.  We should affirm the judgment unless it
>> appears from the evidence that the judgment is plainly wrong or
>> without evidence to support it." *Higginbotham v. Commonwealth*,
>> 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Moreover, "[i]f
>> there is evidence to support the conviction, an appellate court is not
>> permitted to substitute its own judgment for that of the finder of
>> fact, even if the appellate court might have reached a different
>> conclusion. " *Commonwealth v. Presley*, 256 Va. 465, 466, 507
>> S.E.2d 72, 72 (1998).
> *Snow v. Commonwealth*, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000).  So
> viewed, the evidence proved that D. Brown and appellant were once in a
> relationship.  At trial D. Brown was shown photographs of several houses and
> testified that together she and appellant broke into all of them.  She indicated that
> they broke into a house located on Butlers Road where they stole jewelry and
> electronics.  They broke into a home on Daybreak Drive and from there they took
> jewelry and "maybe a TV."  She testified they also broke into a residence on
> Wills Road and stole jewelry, a camera, and "maybe a television."  They broke
> into a home on Bevils Bridge Road, taking jewelry, a television, and possibly a
> firearm.

D. Brown explained that they pawned the jewelry for cash, although she was not sure what happened to the firearms. She testified that they always broke in between 8:00 a.m. and 4:00 p.m. in the afternoon. On each occasion they wore masks and gloves; she carried a handbag and appellant carried a gun. D. Brown is a convicted felon with over sixty charges pending in other jurisdictions.

Appellant argues that the uncorroborated testimony of a convicted felon is insufficient to convict him of the charges.

We first note that D. Brown's testimony was not uncorroborated. At least one victim of each break-in testified that their home had been invaded, that items of jewelry, electronics, and sometimes firearms were taken, and that all these events occurred during daylight hours. In addition, a jewelry shop owner testified that he recognized D. Brown and that she sold gold jewelry to him on several occasions. Thus, we find that D. Brown's testimony was not uncorroborated.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth.* 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." *Rollston v. Commonwealth.* 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Although she cannot remember specific items taken from specific homes, D. Brown's testimony was not inherently incredible. She remembered the homes shown to her in the photographs, and explained to the trial court why she remembered each particular house. The trial court was free to accept D. Brown's testimony that she and appellant committed these crimes together. We find no error with the trial court's credibility determination or with its determination of appellant's guilt. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of committing burglary and grand larceny.

*Id.* at 2-3 (alteration in original).

On May 15, 2012, the Court of Appeals of Virginia vacated and remanded Becton's convictions for reasons not relevant to the instant action. (ECF No. 10-2, at 1-3.) After a hearing on June 27, 2012, the Circuit Court reinstated Becton's convictions. (*See* ECF No. 10-3, at 1.) Becton filed another appeal. The Court of Appeals of Virginia denied Becton's petition for appeal. (ECF No. 10-3, at 7.) On October 24, 2013, the Supreme Court of Virginia refused Becton's petition for appeal. *Becton v. Commonwealth*, No. 130783, at 1 (Va. Oct. 24, 2013).

On October 20, 2014, Becton filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising the same claims as in the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 1, *Becton v. Davis*, No. 141648 (Va. filed Oct. 20, 2014). On July 22, 2015, the Supreme Court of Virginia granted the Respondent's motion to dismiss and dismissed the petition. (ECF No. 10-12, at 1.)

On August 24, 2015, the Court received the present § 2254 Petition.

**B.      The Applicable Constraints upon Federal Habeas Corpus Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

C.      **Analysis of Ineffective Assistance Claims**

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.   In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

A brief background of Becton's defense assists in understanding his present claim. Becton's defense during trial was comprised of a vague alibi for at least one of the charges.   As discussed in greater detail below, Becton attempted to demonstrate that he was at work on Friday, May 14, 2010,[4] through three forms of evidence, none of which was particularly compelling.   First, counsel called Ms. Moore, a manager at Longhorn Steakhouse, and unsuccessfully attempted to introduce what appears from the description in the transcript to be a corporate printout of some portion of Becton's work schedule. Ms. Moore could not testify with any certainty whether Becton was at work on May 14, 2010, but indicated that he usually worked on Fridays.   Second, Becton's child's mother testified that Becton was always off of work Monday through Wednesday when he had their child. Finally, Becton himself testified about his

---

[4] One of the breaking and entering and larceny offenses occurred this day.

5

work schedule, and he stated that he was at work on May 14, 2010. Notably, Becton could not produce a witness who could specifically remember seeing Becton at work on May 14, 2010, or on the date of the other robberies.

In Claim One, Becton argues that counsel rendered ineffective assistance by "fail[ing] to adequately prepare defense witnesses for testimony before tak[ing] the stand." (§ 2254 Pet. 6.) Specifically, Becton faults counsel for failing to prepare defense witness Ms. Moore and states that the "sole purpose of Ms. Moore['s] testimony was to verify petitioner['s] 'alibi' which if established would've 'refuted' the Commonwealth theory of petitioner being the perpetrator." (*Id.* at 7.) Becton explains:

> Had attorney Hurley met with Ms. Moore prior to trial, to go over the intended testimony she was expected to testify to, plus prepped Mrs. Moore at to the type of question[s] to expect and how to answer them. Therefore when the Commonwealth asked Ms. Moore to remember dates and times that occurred over a year ago, Ms. Moore would have been able to remember them better, since she was not allowed to look at any kind of calendar.

(*Id.*) Becton also faults counsel for failing to "state[] on the record himself that it was he who received the transmitted fax pertaining [to] the documents from the corporate headquarters of the franchise '[Darden]' restaurants." (*Id.* at 8.)[5] Finally, Becton vaguely suggests that had counsel "adequately prepared petitioner's witnesses" (*id.* at 9), he would not have been convicted because "the record reflects that no evidence was provided" to demonstrate his guilt (*id.* at 8).

While the Court believes that Becton insufficiently makes the argument in his § 2254 Petition, the Supreme Court of Virginia generously construed Becton to argue that "Petitioner asserts that counsel's failure to prepare Moore, his manager at work, caused his work schedule to not be admitted because counsel was unable to lay the proper foundation." *Becton v.*

---

[5] Becton worked at Longhorn Steakhouse, and counsel attempted to introduce what the Court discerns to be a copy of Becton's work schedule retained by the corporate office of Longhorn Steakhouse's parent company.

*Commonwealth*, No. 141648, at 2 (Va. July 22, 2015).  As background, the Court of Appeals of

Virginia explained the following:

> T. Moore, assistant manager at a restaurant where appellant worked,
> testified that appellant had worked for her for over five years.  She explained that
> each employee has an employee number and they must punch in and out at the
> beginning and end of a shift.  A computer tracks the work records, and she stated
> that they can be accessed at any time.  The corporate office in Orlando maintains
> the records, yet an employee can print their own records.  She testified that the
> work records are business records kept during the normal course of business.  The
> court did not allow appellant to introduce a printout showing a "cumulative" of
> appellant's "punch out times."     Appellant never proffered what specific
> information that exhibit contained.

*Becton v. Commonwealth*, No. 1123-11-2, at 3-4 (Va. Ct. App. Nov. 22, 2011).

In discussing and rejecting this claim in his state habeas petition, the Supreme Court of

Virginia explained the following:

> Petitioner argues that counsel's failure to meet with witnesses, specifically
> Tamika Moore, in advance of trial caused his alibi witnesses to be "blind sided"
> by the Commonwealth's questions and thereby be discredited.  Petitioner asserts
> that counsel's failure to prepare Moore, his manager at work, caused his work
> schedule to not be admitted because counsel was unable to lay the proper
> foundation.
>        The Court holds that claim (a) satisfies neither the "performance" nor the
> "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466
> U.S. 668, 687 (1984).  Petitioner has failed to proffer what additional information
> the defense witnesses, including Moore, would have provided at trial had counsel
> adequately prepared them before trial or how the Commonwealth would have
> been prevented from "blind siding" them.  Moreover, petitioner fails to proffer his
> work schedule or describe how it would have confirmed his alibi for any of the
> breaking and enterings underlying his convictions.  Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged error, the result of the proceedings
> would have been different.

*Becton*, No. 141648, at 2.  As discussed below, the Court discerns no unreasonable application of

the law and no unreasonable determination of the facts in the Supreme Court of Virginia's

rejection of this claim.  *See* 28 U.S.C. § 2254(d)(1)-(2).

For the purposes of this § 2254 Petition, the "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). In his § 2254 Petition, Becton fails to identify with any specificity how counsel should have better prepared defense witnesses. To the extent that Becton suggests that counsel should have met with Ms. Moore to go over her testimony so she was better prepared to answer the Commonwealth's questions about dates and times, he fails to proffer what exculpatory testimony Ms. Moore would have provided. Becton's conclusory allegations fail to demonstrate deficient performance or prejudice under *Strickland. United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (requiring "concrete evidence" of exculpatory testimony); *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (requiring proffer of mitigating evidence to state a claim of ineffective assistance). The Court discerns no error in the Supreme Court's dismissal of his Sixth Amendment claim.

Becton also faults counsel for failing to "state[] on the record himself that it was he who received the transmitted fax pertaining [to] the documents from the corporate headquarters of the franchise '[Darden]' restaurants." (§ 2254 Pet. 8.) Becton essentially argues about the admissibility of evidence on state law grounds and what he perceives counsel should have done to have the evidence admitted. Given that the resolution of this aspect of his claim is highly dependent upon Virginia law and was rejected by the Supreme Court of Virginia, Becton fails to demonstrate prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . , a federal court should be especially differential to a state post-conviction court's interpretation of its own state's law.) As the Supreme Court reasonably determined, Becton fails to demonstrate any prejudice from counsel's failure to prepare defense witnesses.

Attached to his § 2254 Petition and with no explanation as to what exactly it demonstrates, Becton provides a document that he has labeled "Work Schedule." (ECF No. 1, at 12.) The Court presumes that the document shows the dates and times that Becton punched in to work between May 2, 2010, and July 25, 2010. Becton fails to indicate how he obtained the document, and also provides no sworn testimony explaining its import. The Court questions the document's veracity due to its presentation for the first time at this late juncture. Next to an entry for May 14, 2010, Becton has placed a star, presumably to indicate that he was at work that day and did not commit the grand larceny and breaking and entering offenses that occurred that day. Portions of the column labeled "Punch Date" are slightly distorted and appear to have an oddly-placed line down the center. Becton failed to submit this document in support of his habeas petition before the Supreme Court of Virginia and, as explained below, this Court may not consider it in the first instance in reviewing his § 2254 Petition.

The Supreme Court has held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petition must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011); *see Williams v. Stanley*, 581 F. App'x 295, 296 (4th Cir. 2014). Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 563 U.S. at 185.[6] Here, the Supreme Court of Virginia found that Becton failed to demonstrate that counsel rendered ineffective assistance. Thus, that court adjudicated Becton's Sixth Amendment claim on the merits. Accordingly, this

---

[6] Similarly, "under § 2254(d)(2), the court may only grant habeas relief when the state court's factual determination was unreasonable 'in light of the evidence presented in the State court proceeding.'" *Williams*, 581 F. App'x at 297; *see Watkins v. Rubenstein*, 802 F.3d 637, 649 (4th Cir. 2015) (citation omitted) (explaining that "[b]y its plain terms, § 2254(d)(2) limits our review to the *evidence* placed before the state [habeas] court").

Court may not consider any new evidence that Becton has provided for the first time with his § 2254 Petition. *See id.*; *Williams*, 581 F. App'x at 296-97.[7]

Even if the Court were permitted to consider the new evidence, it does not alter the conclusion that Becton fails to demonstrate any prejudice from counsel's actions. The Commonwealth put forth compelling evidence of Becton's guilt. Ms. Brown testified that she and Becton committed the numerous larceny and break and entering offenses. The victims of the crimes corroborated Ms. Brown's testimony by describing the items stolen and the dates and times of the offenses. An employee of a pawn shop also confirmed that Ms. Brown and Becton would regularly sell jewelry to the pawn shop. (Mar. 18, 2011 Tr. 58-65.) Becton's counsel attempted to discredit Ms. Brown by establishing a motive for her to falsely implicate Becton. Becton himself testified that Ms. Brown was angry with him because he did not want to commit to a romantic relationship with her (Mar. 18, 2011 Tr. 127-28), and Ms. Brown confirmed that the two had a rocky relationship. (Mar. 18, 2011 Tr. 130).

As for Becton's alibi defense, although counsel was not permitted to introduce what was presumably a portion of Becton's work records at trial, counsel elicited testimony from three

---

[7] The Court recognizes that, in at least one instance, the United States Court of Appeals for the Fourth Circuit has found an exception to the Supreme Court's dictate in *Pinholster* when "a state court forecloses further development of the factual record." *Winston v. Kelly*, 592 F.3d 535, 555 (4th Cir. 2010). The Fourth Circuit explained that "[i]f the record ultimately proves to be incomplete, deference to the state court's judgment would be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits for the purposes of § 2254(d)." *Id.* at 555-56 (citation omitted). However, the Fourth Circuit explained that such a conclusion was appropriate in the case before it because the petitioner's "inability to produce potentially dispositive evidence in state habeas proceedings came about through no fault of his own." *Winston v. Pearson*, 683 F.3d 489, 501 (4th Cir. 2012). That is not the case here. To the contrary, the state habeas court did not foreclose further development of the factual record. Instead, Becton failed to produce the document he labels as his "Work Schedule" in the Supreme Court of Virginia. Becton offers no explanation for his failure to submit this document to support his claim in state court. Thus, Becton, through his own lack of diligence, failed to provide his "Work Schedule" with his state habeas petition.

witnesses about Becton's work schedule. Ms. Moore testified that Becton worked approximately five days a week and "would take Wednesday or Thursday off or he would take Saturday and Tuesday off" (Mar. 18, 2011 Tr. 102), "unless he requested off for his daughter." (Mar. 18, 2011 Tr. 104.) Counsel had Moore look at a calendar for May 2010, and she noted that May 14, 2010 was a Friday. (Mar. 18, 2011 Tr. 104.) Becton's child's mother also testified that Becton was almost always off of work on Monday through Wednesday and would have their child on those days as part of a "set agreement." (Mar. 18, 2011 Tr. 106-08.) Becton also testified and explained that he was at work on May 14, 2010 and that he was not with Ms. Brown when she broke into houses in May and July. (Mar. 18, 2011 Tr. 113.) Notably, none of the witnesses could testify with any certainty as to Becton's work schedule.

The Circuit Court had the opportunity to review the evidence and the credibility of the witnesses, and found overwhelming evidence of Becton's guilt. The Circuit Court explained that it based its decision of Becton's guilt "on what [it] found to be [the] Commonwealth's overwhelming credibility of the witnesses . . . I think based on the demeanor of the witnesses and taking into account the sheer volume of transactions, the inconsistencies among the defense witnesses, the Court finds that the Commonwealth has borne its burden of proof." (Mar. 18, 2011 Tr. 140.) Even if counsel had successfully introduced the alleged "Work Schedule" that Becton has presented for the first time in a habeas proceeding with his federal petition, his alibi defense is thin. At this late juncture, Becton still fails to proffer with any specificity how this alleged "Work Schedule" would support his claim that he was prejudiced by counsel's actions. Moreover, none of the defense witnesses remembered Becton being at work on May 14, 2010. Becton still fails to provide sworn testimony from anyone who could verify that he was at work on May 14, 2010, despite being employed at a large restaurant chain, presumably with many

11

employees. Thus, even considering this new evidence, Becton fails to demonstrate that there is a reasonable probability, that but for counsel's error in failing to have the work schedule introduced, the result of his trial would have been different.

As the Supreme Court of Virginia reasonably determined, Becton fails to demonstrate any prejudice from his vague assertion that counsel failed to better prepare defense witnesses.

**D.    Conclusion**

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED, Becton's claim be DISMISSED, the § 2254 Petition be DENIED, and the action be DISMISSED.

Becton is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Becton and counsel for Respondent.

It is so ORDERED.

_____ /s/ _____

Roderick C. Young
United States Magistrate Judge

Date: July 25, 2016
Richmond, Virginia